IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CANDY L. S., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:24-cv-353-DWD |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is the Joint Motion to Award Attorney Fees and Expenses. (Doc. 29). The parties agree the Court should enter an order granting Plaintiff $7,250.00 in attorney fees and expenses in full satisfaction of any and all claims that may be payable to her under the Equal Access to Justice Act ("EAJA"). *See* 28 U.S.C. § 2412(d).[1]

The parties request that the Court find any fees paid belong to Plaintiff—not to Plaintiff's attorney—and can be offset to satisfy any preexisting debt Plaintiff owes to the United States of America. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) (holding subsection (d)(1)(A) of § 2412 awards attorney fees and expenses to the litigant, subjecting the attorney fees and expenses to a federal administrative offset for federal debts owed). It is also notable that the Joint Motion indicates Plaintiff's attorney has provided Defendant with the assignment of EAJA fees that was executed by Plaintiff. (Doc. 29, pg. 2 n. 2). If

---

[1]To the extent Plaintiff seeks costs, she shall do so separately. (Doc. 29, pg. 1).

Plaintiff does not owe a preexisting debt subject to a federal administrative offset, then Defendant will direct the payment of the $7,250.00 award to Plaintiff's attorney. (Doc. 29).

Here, the Court **FINDS** the requested attorney fees and expenses are proper under § 2412(d)(1)(A) and (B). The Court **FURTHER FINDS** an award of $7,250.00 is reasonable. Accordingly, the parties' Joint Motion is **GRANTED**. Plaintiff is awarded $7,250.00 for attorney fees and expenses in full satisfaction of any and all claims that may be payable to her in this matter under the EAJA. Any fees paid belong to Plaintiff, not to Plaintiff's attorney, and can be offset to satisfy any preexisting debt that Plaintiff owes to the United States of America. *See Astrue*, 560 U.S. at 593. If Defendant can verify that Plaintiff does not owe such a preexisting debt subject to an offset, then Defendant shall direct that the award be made payable to Traci L. Severs under the EAJA assignment. If the payment is mailed, as compared to electronically deposited, it shall be mailed to counsel's address of record: Traci L. Severs, LLC, P.O. Box 621, Manchester, Missouri, 63021.

**SO ORDERED.**

Dated: November 21, 2024

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge